## Northern District

### No. 5901
### HONOROTA NOVICK, ADMNX.
### v.
### LEONARD BEFORD, ADM.

*Present*: Connolly, J. (Presiding), Parker & Moore, JJ.

Case tried to ————, *J.* in the District Court of Central Middlesex. No. 19372.

*Parker, J.* This is an action of tort by the Administratrix of Henry S. Novick, against the administrator of Elder J. Beford. The plaintiff's suit is based on the negligence of the defendant's intestate, causing the death of the plaintiff's intestate, the plaintiff's action being brought for the next of kin of the plaintiff's intestate. The defendant's answer is a general denial, contributory negligence and the statute of limitations.

The plaintiff's intestate was a guest occupant in a vehicle operated by the defendant's intestate 15 May 1959, at which time both intestates were killed while the defendant's intestate was operating the vehicle.

The plaintiff was appointed Administratrix of Henry S. Novick, 30 September 1959. The defendant was appointed Administrator of Elder J. Beford, 18 April 1961, on which date the defendant's bond was approved. The writ is dated 23 October 1961 and service in hand was made 25 October 1961.

The case was presented to the court upon a document entitled an "Agreed Statement of Facts" which was composed of a series of agreements and a series of stipulations as to what certain witnesses would testify to if they were on the witness stand.

The court found for the defendant, ruling that the action is barred by the provision of G. L. c. 260, §10.

The plaintiff filed 8 requests for rulings. He claims to be aggrieved by the denial of ##1, 4 and 5 and by the finding for the defendant.

The requests with the court's action thereon are as follows:

1. A finding for the plaintiff is warranted. The court's ruling: *"Denied due to the statute of limitations as above cited"*. (G. L. c. 260, §10).

4. The plaintiff's action was seasonably instituted. The court's ruling: *"Denied"*.

5. Proof of ordinary negligence on the part of the defendant's intestate will warrant a finding for the plaintiff. The court's ruling: *"Denied due to the statute of limitations as above cited"*. (G. L. c. 260, §10).

The law applicable to this case is discussed

in the *Noon Executrix v. Beford, Adm.,* #5902 which was argued and heard by this Division simultaneously with this case.

As stated in that case, the plaintiff's rights arise under G. L. c. 229, §2, depend upon the question as to whether the time described in G. L. c. 260, §10 referred to specifically in G. L. c. 229, §2, as the time limit for bringing the action, has been compiled with. (See our opinion in case #5902).

The date of the death of the plaintiff's intestate is 15 *May,* 1959. The plaintiff was appointed administrator 30 *September,* 1959, filing his bond on that date. The record does not disclose whether the bond was approved, but since the point was not raised in argument or on briefs, it will be assumed that it was approved on that date. The defendant was appointed administrator 18 *April,* 1961, his bond being approved that day. Suit was brought by the plaintiff and service in hand was made on the defendant on 25 *October,* 1961.

█ The action was not brought within one year from the date of the death of the plaintiff's intestate and so is barred by the first time limit set up in G. L. c. 229, §2.

█ The time limit described in G. L. c. 260, §10 referred to specifically by G. L. c. 229, §2, as a time in which proceedings may be brought by the administrator of the deceased person against the administrator of a deceased person is two years after the plaintiff

has given bond, which would be 1 *October,* 1961.

■ Suit was brought by service in hand, as required by G. L. c. 197, §9 on 25 *October,* 1961, so this time limit was not complied with, although the action was brought within one year of the defendant's giving his bond as required by §9.

The provisions of G. L. c. 260, §10, covering this provides that "the action may be commenced *by* the executor or administrator at any time within the period within which the deceased might have brought the action or within two years after his giving bond for the discharge of his trust *and against* the executor or administrator in accordance with the limitations provided by chapter one hundred and ninety-seven relative to the limitations of actions against the executor or administrator by creditors of the deceased".

The two time limits here established are joined by the conjunctive "and" which is not disjunctive as if it were "or". Therefore, the plaintiff is required to comply with both conditions, namely to bring his action within two years and thirty days after his intestate's death or within two years of giving his bond *and* within one year of the defendant's giving his bond. He has failed to comply by bringing his action within two years and thirty days after his intestate's death or within two years of giving his bond, and so is barred from this action. See *Central Tr. Co. v. Howard,* 275

Mass. 153, 158; *Gaynor's Case,* 217 Mass. 86, 89.

There was no error in the denial of the plaintiff's requests ##1, 4, and 5 nor by the court's finding for the defendant.

*The report is to be dismissed.*

Connolly, Mann & Fenton, of Lexington, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.